UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION


IN RE:                                                    CHAPTER 13

SANDRA K. GEARHEART                                       CASE NO. 07-70232

DEBTOR


## MEMORANDUM OPINION AND ORDER

This matter having come before the Court on confirmation of
debtor Sandra K. Gearheart's ("debtor")'s Chapter 13 plan (Doc 2), and
on the objection to the plan of creditor Mortgage Electronic
Registration Systems, Inc. ("MERS") (Doc 8). The debtor's plan
proposes to treat MERS' collateral (13 acres and a mobile home) with a
secured value of $12,700.00. MERS objects to the plan arguing that the
debtor is attempting an impermissible cram down under 11 U.S.C. §
1322(b)(2). Debtor filed a response to the objection (Doc 12)
contending that she is entitled to cram down MERS' lien as the mobile
home is personal property that has not been effectively converted to
realty under Kentucky law.

The Court took the matter under advisement following the
September 12, 2007, hearing on the matter (Doc 19).

The Trustee subsequently filed a response (Doc 25) arguing that
the claim of MERS may be bifurcated and treated as secured to the
extent of the value of the real property only, with any remaining part
of MERS' claim treated as a general unsecured claim because (1) a
mobile home is classified as personal property under Kentucky law
unless specific filing requirements are followed to convert it to real
property; (2) MERS' lien only encumbers the real property and does not

encumber the mobile home; (3) and the anti-modification rule of 11

U.S.C. § 1322(b)(2) does not apply because the mobile home is not real

property. MERS then responded to the trustee (Doc 26) arguing that the

mobile home was part of the real property because they were taxed

together, and that the BAPCPA amendments to 11 U.S.C. § 101(13A)

preempt state law analysis of whether a mobile home is a residence and

thus subject to the anti-modification language of 11 U.S.C. § 1322(b).

The trustee replied (Doc 27) by contending that the definition of

debtor's principal residence under 11 U.S.C. § 1322(b)(2) does not

alter the definition of real property in 11 U.S.C. § 1322(b)(2). After

reviewing all of the applicable pleadings filed in the case, the Court

issues this Memorandum Opinion and Order.

This matter is submitted to the court on the following two

issues. First, does MERS have a security interest in the mobile home?

Second, does the addition of 11 U.S.C. § 101(13A) by the Bankruptcy

Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), in

light of 11 U.S.C. § 1322(b)(2) prohibit a debtor from modifying a

claim that is secured only by a security interest in real property

when a mobile home sits on that real property and that mobile home is

the debtor's principal residence?

Facts.

On November 16, 1983, debtor Sandra K. Gearhart acquired an

interest in certain real property in Floyd County, Kentucky.  In 1998,

debtor received a property tax bill from Floyd County that referenced

a 1985 mobile home and 14 acres assessed at $36,000.00.  On February

28, 2000, debtor executed a promissory note and mortgage with the CIT

Group for $15,234.00.  On September 28, 2005, a certificate of title

was issued in the name of the debtor but there is no notation of a

lien on the certificate of title.

Analysis.

This Court has jurisdiction to hear this matter pursuant to 28

U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §

157(b)(2).

Does MERS have a security interest in the mobile home? MERS

argues that the mobile home and real property were taxed together

which indicates that the local county clerk's office treated the

mobile home as real estate. Thus MERS argues that it has a real

property lien on the mobile home as the mobile home is part of the

real estate. MERS apparently does not argue that it has a personal

property lien on the mobile home as it does not argue that it has a

lien noted on the certificate of title. However, MERS argument that it

has a real property lien on the mobile home must fail because the only

way to achieve a real property lien on a mobile home pursuant to KRS

186A is by surrendering a certificate of title to the county clerk and

filing an affidavit stating that the mobile home has been converted to

real estate. MERS has not done this and therefore MERS does not have a

security interest in the mobile home.

Does the addition of 11 U.S.C. § 101(13A) by the Bankruptcy Abuse

Prevention and Consumer Protection Act of 2005 (BAPCPA), in view of 11

U.S.C. § 1322(b)(2), prohibit a debtor from modifying a claim that is

secured only by a security interest in real property when a mobile

home sits on that real property and that mobile home is the debtor's

principal residence?

Chief Judge Scott, of this district, addressed the Code's anti-

modification provision when he answered in the negative the question

of whether the holder of a claim secured by real property, upon which

a mobile home that is the Debtor's principal residence sits, may be

the beneficiary of the protection provided by 11 U.S.C. § 1322(b)(2).

In a 2003 opinion entered in the bankruptcy case of James S. Wilson

(EDKY 02-34305 Doc 45), he found the lender with a claim secured only

by the debtor's real estate could not benefit from the anti-

modification protection of 11 U.S.C. § 1322(b)(2) because the

statutory authority required security in real property that was also

the debtor's principal residence. Debtor Wilson owned a mobile home,

which was not permanently affixed to the land, and upon which the

creditor had failed to perfect its security interest. In the absence

of a controlling federal rule, Judge Scott observed that state law

determines the property rights of a debtor, and following a brief

summary of state law, held that the mobile home where the debtor

resided was personal property. It followed that the creditor's claim,

secured only by real estate, was not secured by the debtor's principal

residence which was personal property and therefore was not permitted

the exception to modification afforded to 11 U.S.C. § 1322(b)(2).

This Court agrees with Judge Scott's reasoning in the *Wilson* case.

However, the matter before the Court today comes after the

definition of debtor's principal residence was added by BAPCPA as

section 101(13A) of the Bankruptcy Code effective in 2005.

MERS frames its argument against modification of its claim around

three sections of the Bankruptcy Code – Sections 101(13A), 101(27B)

and 1322(b)(2).

"The term debtor's principal residence – (A) means a residential

4

structure, including incidental property, without regard to whether

that structure is attached to real property; and (B) includes an

individual condominium or cooperative unit, a mobile home or

manufactured home, or trailer." 11 U.S.C. § 101(13A).

"The term incidental property means, with respect to a debtor's

principal residence – (A) property commonly conveyed with a principal

residence in the area where the real property is located; (B) all

easements, rights, appurtenances, fixtures, rents, royalties, mineral

rights, oil or gas rights or profits, water rights, escrow funds, or

insurance proceeds; and (C) all replacements or additions." 11 U.S.C.

§ 101(27B).

"Subject to subsections (a) and (c) of this section, the plan may

– modify the rights of holders and secured claims, other than a claim

secured only by a security interest in real property that is the

debtor's principal residence, or holders of unsecured claims, or leave

unaffected the rights of holders of any class of claims;" 11 U.S.C. §

1322(b)(2).

MERS argues that the new definitions added by BAPCPA demonstrates

Congressional intent to broaden the scope of the anti-modification

provision found in 11 U.S.C. § 1322(b)(2). This Court disagrees.

Kentucky law clearly establishes a mobile home or manufactured

home is personal property, unless or until, steps are taken to convert

it to real property. K.R.S. Chapter 186A et seq. "In 2000, the

Kentucky legislature modified K.R.S. § 186A.297 to allow for a

manufactured home to become part of the permanent real estate. By

filing an affidavit of conversion to real estate and surrendering the

Kentucky certificate of title, the manufactured home would be deemed

an improvement to the real estate upon which it is located. K.R.S. §

186A.297. The legal effect of conversion would be to treat the

manufactured home as real property, apparently no longer governed by

or subject to the certificate of title requirements in KRS §

186A.190(1)." PHH Mortg. Services v. Higgason, 345 B.R. 584, 586-587

(E.D. Ky. 2006). "Property interests are created and defined by state

law." Butner v. United States, 99 S.Ct. 914, 918 (1979). In Kentucky,

mobile homes are personal property unless the owner takes affirmative

steps to convert the home to real property. None of those steps were

taken in the present case.

     Judge Scott recently ruled in the bankruptcy case of Eva Mae

Belcher and Guice Belcher (EDKY 07-60382 Doc 43)(1) that state law

governs the nature of the property interest and application of the 11

U.S.C. § 1322(b)(2) anti-modification provision requires an interest

secured only by real property that is the Debtor's principal

residence; and (2) that the addition of 11 U.S.C. § 101(13A) by the

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005

(BAPCPA), in view of 11 U.S.C. § 1322(b)(2) does not prohibit a debtor

from modifying a claim that is secured only by a security interest in

a mobile home when that mobile home is the debtor's principal

residence, but is located on real property in which the debtor has no

ownership interest and against which the creditor has no perfected

lien.

     Judge Scott adopted the reasoning of the United States District

Court for the Southern District of Alabama in In re Moss, 2007 WL

2807355 (S.D. Ala.).

Green Tree has a properly perfected security interest in a mobile home purchased by the debtor, which she uses as her residence. Under Alabama law, the mobile home is deemed to be personal property, not real property. . .

The no-modification provision of Section 1322(b)(2) requires that the creditor's security interest be in real property and that the real property be the debtor's principal residence. Green Tree acknowledges that courts have "consistently required a security interest to exist in real property before the provision would apply." It also acknowledges that whether a mobile home constitutes "real property" under this section has consistently been determined by resort to state law. . . Green Tree argues, however, that a 2005 amendment introducing a statutory definition      of "debtor's principal residence" eliminates the "real property" requirement. . .

... Green Tree argues that, because a mobile home constitutes a debtor's principal residence even if it is not attached to real property (and thus is not real property under the laws of most if not all states), "ALL mobile homes, regardless of their state law classification as real or personal property, are protected by the antimodification provision of section 1322(b)(2)". . .

The trouble with this argument is that Section 1322(b)(2) on its face carries two qualifications: first, that the security interest be in real property, and second, that the real property at issue be the debtor's principal residence. By defining debtor's principal residence, Congress addressed the second requirement, but it left the first intact. Thus, however debtor's principal residence is defined, it must still constitute "real property" in order for the no-modification provision to apply. Green Tree devotes the bulk of its briefs to avoiding this result.

"The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. If one statute's meaning is plain and unambiguous, there is no need for further inquiry" (Citation omitted). . .

Green Tree first argues that the statutory language unambiguously eliminates the "real property" requirement. . . That is manifestly impossible because, by its terms, the 2005 amendment addresses only the definition of "debtor's principal residence," leaving the explicit "real property" element  untouched. . . The express "real property" requirement cannot be ignored, and it dooms Green Tree's argument.

Green Tree next argues that Section 1322(b)(2) is ambiguous in light of Section 101(13A), opening the door to examination of the legislative history. . . It suggests that the Court in *In re: Shepherd*, 354 B.R. 505 (Bankr.E.D.Tenn.2006), found such an ambiguity. The *Shepherd* Court, however, did not purport to find any

7

ambiguity in the statutory language; instead, it concluded
that "the statutes cannot logically be read together" and
thus "result in an absurdity." *Id.* at 511. The Court is
aware of no court finding any ambiguity in the statutes,
and the Court finds none.

 Nor can the Court agree with the *Shepherd* Court's
conclusion. Imposing the definition of "debtor's principal
residence" on Section 1322(b)(2) results only in the
unstartling proposition that property can be a debtor's
principal residence even if it is personalty, but it
cannot be subject to the no-modification provision unless
it is realty. There is nothing absurd or illogical about
such a state of affairs. Indeed, it is precisely the
result cases reached before the insertion of Section
101(13A). <u>In Re Moss</u>, 2007 WL 2807355 (S.D. Ala.).

This Court holds that the addition of 11 U.S.C. § 101(13A)
by the Bankruptcy Abuse Prevention and Consumer Protection Act of
2005 (BAPCPA), in light of 11 U.S.C. § 1322(b)(2) does not
prohibit a debtor from modifying a claim that is secured only by
a security interest in real property when a mobile home sits on
that real property and that mobile home is the debtor's principal
residence.

The above constitutes the Court's findings of fact and
conclusions of law. For the above reasons, IT IS HEREBY ORDERED that
the objection of MERS is OVERRULED, and that the confirmation hearing
shall be rescheduled by the Trustee.

COPIES TO:
Beverly Burden, Esq., Chapter 13 Trustee
U.S. Trustee
Jessica Newman, Esq.
Franklen K. Belhasen, Esq.

8

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document
has been signed by the Judge and electronically entered by the Clerk in the
official record of this case.*



**Signed By:**
*__William S. Howard__*
**Bankruptcy Judge**
**Dated: Friday, December 14, 2007
(wsh)**